IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) SHAILESH PATEL,<br>(2) HINA PATEL,<br><br>    Petitioners,<br><br>vs.<br><br>(1) UNITED STATES OF AMERICA,<br><br>    Respondent. | Case No.: 19-mc-00011-CVE-JFJ |

**TAXPAYER'S PETITION TO QUASH FORMAL DOCUMENT REQUESTS**

Petitioners Shailesh Patel and Hina Patel (together the "Taxpayers"), by and through their counsel, Andrew A. Shank and Sloane Ryan Lile of Eller & Detrich, P.C., requests pursuant to 26 U.S.C. § 982 (c) that this Court grant this Petition to Quash the Formal Document Requests issued by the United States of America's Department of Treasury, Internal Revenue Service ("IRS") to the Taxpayer, both dated January 31, 2019 ("Petition to Quash"). Copies of the Formal Document Requests ("FDRs") are attached as Exhibits 1 and 2. The FDR at Exhibit 1 is directed at Shailesh Patel and the FDR at Exhibit 2 is directed at Hina Patel. Both of the FDRs attached as exhibits are otherwise identical. The Petitioners file their taxes jointly. Therefore, this Petition serves to quash both of the identical FDRs described herein.

### INTRODUCTION

The IRS has served FDRs on the Taxpayer. An FDR is an extraordinary measure available under limited circumstances not present in this case. It is used when documents outside of the United States are sought by the IRS and previously issued Information Document Requests ("IDRs") remain in substantial non-compliance. The ultimate consequence of a failure to comply with an FDR is an order prohibiting the introduction by the Taxpayer of any foreign-based

documentation covered by the FDR in their defense.  *See* FDR, Exhibit 1 at 1; *see also* 26 U.S.C. § 982(a).

The FDRs are fatally flawed because they both seek information other than documents—exceeding the statutory limits of 26 U.S.C. § 982.  As a result of this deficiency, this Court should quash the FDRs.  The FDRs also request substantial documents that are already in the possession of the government.  Moreover, the IRS bears the burden to demonstrate that the FDRs are compliant and enforceable.  *See U.S. v. Powell*, 379 U.S. 48 (1964).  Because the FDRs are identical and relate to both of the Petitioners, this Petition serves to Quash both FDRs issued to the Taxpayer.

## PARTIES

1. Shailesh Patel and Hina Patel are U.S. residents domiciled in Tulsa, Oklahoma and are the recipients of the FDR, Exhibit 1 and FDR, Exhibit 2, both dated January 31, 2019.

2. Respondent is the United States of America, Department of Treasury, Internal Revenue Service.  The IRS issued the FDRs at issue.

## JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331.  Venue is proper pursuant to Internal Revenue Code ("IRC") § 982 because the Taxpayer from whom the documents are sought resides or is found in the Northern District of Oklahoma.

## BACKGROUND FACTS

4. The FDRs are dated January 31, 2019.  Pursuant to IRC 982(c)(2), a motion to quash must be filed by the 90th day after such FDR is mailed.  Thus, Petitioners have filed a timely pleading.

5. The FDRs seek to compel the Taxpayer to provide documents related to domestic activity. The FDRs also seek narrative responses to IDR questions and to create documents that are not already in existence. These sorts of requests are beyond the scope of an FDR.

6. On January 31, 2019 the IRS issued the FDRs that are the subject of this Petition. Both FDRs attached a new IDR request shown in Exhibit 1, at 3–5 and Exhibit 2, at 3–5. The IDR for both FDRs are also identical. No other letters or communications have limited the FDR's requests based on the documents requested in the IDR.

## LEGAL ARGUMENT

The FDRs issued to the Taxpayer are fatally flawed and should be quashed because they seek information outside the statutory limitation for requesting documents pursuant to IRC § 982. The FDRs request "the documents shown on Form 4564, Information Document Request" that the IRS attached with the FDRs. *See* FDR, Exhibit 1; FDR, Exhibit 2. The attached IDR is dated January 31, 2019, the same day as the FDRs. *See* FDR, Exhibit 1, at 3; FDR, Exhibit 2, at 3. Thus, it seems that the IRS is requesting **all** of the documents listed on the IDRs under the authority of the FDRs.

For the purposes of IRC § 982, a "formal document request" is:

> any request (made after the normal request procedures have failed to produce the requested documentation) for the production of **foreign-based documentation** which is mailed by registered or certified mail to the taxpayer at his last known address and which sets forth—
>
> > (A) the time and place for the production of the documentation,
> >
> > (B) a statement of the reason the documentation previously produced (if any) is not sufficient,
> >
> > (C) a description of the documentation being sought, and

> (D) the consequences to the taxpayer of the failure to produce the documentation described in subparagraph (C).

*See Flying Tigers Oil Co. v. Commissioner*, 92 T.C. 1261, 1265 (*citing* 26 U.S.C. § 982(c)(1)) (emphasis added).

The term "foreign-based documentation" means any documentation located outside the United States that may be relevant or material to the tax treatment of the examined item. IRC § 982(d)(1). Further, the term "documentation" includes books and reports. IRC § 982(d)(2). But nothing in section 982 allows for an FDR to compel production of domestic-based documentation or to perform interrogatories or other discovery. *See generally* IRC § 982.

The IRS in the current case has created a new IDR and attached it to the FDRs. Considering that the IDRs attached to the FDRs at issue were created on the same day, it is clear that the IRS seeks to compel the production of **all** the requests made by the IDR under the authority of the FDRs. *Cf. VEG Corp. v. United States*, No. 2:17-cv-02893-JCM-NJK, 2018 U.S. Dist. LEXIS 126804, at *11–16 (D. Nev. July 30, 2018) (holding that the FDR did not seek to compel certain documents listed on the IDRs because the FDR attached a number of **old IDRs** that contained other non-applicable requests and the IRS sent a letter to the taxpayer limiting the effect of the FDR to only certain requests on the attached IDRs) (emphasis added). The IRS has not attached old IDRs to the FDRs. Instead, the IRS has created a new IDR that the FDRs seeks to specifically compel in its entirety. *See* FDR, Exhibit 1, at 1, 3–5; FDR, Exhibit 2, at 1, 3–5.

In the current case, the IDR, and by incorporation the FDRs, demands domestic documents and seeks to compel production of documents not already in existence—instead seeking narrative answers to facilitate requests for further documentation. For example:

1. BANK AND INVESTMENT ACCOUNTS – provide all monthly statements of bank or financial accounts at **domestic** or foreign banks, savings and loans, credit unions, or other financial institution

    . . .

3. FUNDS TRANSFERS – for any transfers of funds during the period of December 1, 2010 through January 31, 2017 between all bank or financial accounts, **domestic** or foreign . . .

IDR attached to FDR, Exhibit 1, at 3; IDR attached to FDR, Exhibit 2 at 3 (Emphasis added).

The same IDR also further requests:

5. Provide the name, address, and telephone number of all professionals, including, but not limited to, private banker, broker, investment or other financial advisor, advisor on privacy matters, lawyer or accountant from whom you received advice or services during the [*sic*] for the period of December 1, 2010 through January 31, 2017.

    . . .

6. Provide a written history of all foreign financial accounts under any name, over which you had a signature or other authority or over which you exercised control, either directly or through nominees, agents, powers of attorney, letters of direction, or any device whatsoever that was in existence during the period of December 1, 2010 through January 31, 2017 including the following information:
    a. Date account opened
    b. Source of funds used to open account
    c. Name of Financial Institution
    d. Name of the account and account number
    e. Legal titled owner of the account and any/all beneficial owners

IDR attached to FDR, Exhibit 1, at 4–5.  IDR attached to FDR, Exhibit 2, at 4–5.

The "documents" requested by these excerpts do not currently exist.  The IRS has essentially sought answers to interrogatories or disclosures of information in narrative form. Accordingly, IRC § 982 does not cover this type of information. *See generally* IRC § 982. Further, the IRS has not limited the FDRs to "certain delineated document requests sought in the IDRs."

*See VEG Corp. v. United States*, No. 2:17-cv-02893-JCM-NJK, 2018 U.S. Dist. LEXIS 126804, at *12 (D. Nev. July 30, 2018) (internal quotations omitted).  The FDRs have requested, by reference to the attached IDR, domestic documents and other information outside the scope of IRC § 982.  Thus, this Court should quash the FDRs because they are statutorily improper.

## CONCLUSION

The FDRs seek information outside the statutory limits of 26 U.S.C. § 982. Thus, the Taxpayer's Petition to Quash Formal Document Requests should be granted.

Dated: May 1, 2019.

Respectfully submitted,

**ELLER & DETRICH**
**A Professional corporation**


By:     */s/ Andrew A. Shank*
       Andrew A. Shank, OBA # 22298
       Sloane Ryan Lile, OBA # 21342
       2727 E. 21st Street, Suite 200
       Tulsa, OK 74114
       (918) 747-8900 Phone
       ashank@ellerdetrich.com
       slile@ellerdetrich.com

ATTORNEYS FOR PETITIONERS
SHAILESH PATEL AND HINA PATEL